IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT BOWERS,<br><br>        *Plaintiff,*<br><br>v.<br><br>DAMON ROMEL LOVELL,<br><br>        *Defendant.* | CIVIL ACTION<br>NO. 22-4323 |

**PAPPERT, J.**                                                                                               June 12, 2023

## MEMORANDUM

Robert Bowers, a YouTube creator, sued Damon Romel Lovell, owner and operator of several (apparently rival) YouTube channels, for defamation and violations of the Copyright Act. Lovell allegedly uploaded a thumbnail image containing Bowers's likeness to a series of videos on his channel. Bowers claims that these images are screenshots of his work being used as "click bait" to generate Lovell more views. Bowers's defamation claim arises from comments Lovell made in a separate video, where he referred to Bowers's wife as a "[C]olombian streetwalker." Bowers filed a Motion for Alternate Service of Process (ECF 6) after an unsuccessful attempt to serve Lovell at an address in Houston, Texas. Bowers has reason to believe Lovell is living in Uganda and seeks to serve him there via email under Federal Rule of Civil Procedure 4(f). The Court denies the Motion.

I

On January 9, 2023, Bowers attempted to serve a summons on Lovell via first class mail at 4710 Tierwester Street in Houston, Texas. (Mot. 2.) By February 5, 2023, the summons still hadn't been "claimed" and was returned to sender. (*Id*. at 2, Ex. E.)

1

Bowers did not attempt to serve Lovell by any other means, at any other addresses, or even at this address a second time. Instead, because his initial attempt at service was returned to sender, and because of comments Lovell made in a YouTube video live streamed around that time, Bowers now believes Lovell is living in Uganda.

## II

Under Federal Rule of Civil Procedure 4(f), an individual, other than a minor, an incompetent person, or a person whose waiver has been filed, may be served in a foreign country, where federal law does not prevent otherwise. Fed. R. Civ. P. 4(f). Such service may occur "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents," or "by other means not prohibited by international agreement, as the court orders." *See* Fed R. Civ. P. 4(f)(1), (3).

Bowers requests that he be permitted to serve Lovell by email but does not specify the rule under which he is permitted to do so. Uganda is not a signatory to the Hague Convention or the Inter-American Convention on Letters Rogatory. *See* U.S. Department of State Bureau of Consular Affairs, *Uganda Judicial Assistance Information*, https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/Uganda.html (Last visited June 8, 2023). Nor does Bowers represent that email service is prescribed by Ugandan law or was directed by Ugandan authorities in response to a letter rogatory, as permitted under Fed. R. Civ. P. 4(f)(2). Thus, the Court interprets his request to be under Fed. R. Civ. P. 4(f)(3).

A district court has sound discretion to determine whether an alternative method of serving process is appropriate. *Marks v. Alfa Group*, 615 F. Supp. 2d 375, 379 (E.D. Pa. 2009) (citing *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002)). In making its decision, the district court may require the parties to "show that they have reasonably attempted to effectuate service on the defendant(s) and that circumstances are such that the district court's intervention is necessary. *Knit With v. Knitting Fever, Inc.*, No. 08-4221, 2010 WL 4977944, at *3 (E.D. Pa. Dec. 7 2010) (citations omitted). The Advisory Committee notes to Rule 4(f) state that "[i]nasmuch as our Constitution requires that reasonable notice be given, an earnest effort should be made to devise a method of communication that is consistent with due process and minimizes offense to foreign law." *See Marks,* 615 F. Supp. 2d at 379.

### III

Bowers attempted service before seeking permission to serve Lovell via email in Uganda, despite knowing two other domestic addresses associated with the Defendant. Bowers learned of these addresses through YouTube and a commercial background check. (Mot. 1–2.) When Bowers first raised his dispute with YouTube, Lovell was afforded an opportunity to respond. He filed a "counter notification" denying Bowers's allegations and requesting the videos' reinstatement. (*Id.* at Ex. B.) As a part of that process, Lovell was required to disclose his name, current address, phone number and email address. (*Id.* at 1.) In these disclosures he identified an address in Upper Marlboro, Maryland. (*Id.* at Ex. B.)

Instead of attempting to serve Lovell at this address, Bowers ordered a commercial background check. (*Id.* at 1.) This background check corroborated Lovell's

reported phone number, but not his Maryland address or disclosed email address; instead, it revealed two residential addresses in Texas. (*Id.* at Ex. C.) Bowers first attempted service in Texas at one of the identified addresses. (*Id.* at 2.) When this attempt was unsuccessful, instead of attempting service at the self-disclosed address in Maryland, or the other Texas address, Bowers concluded Lovell must be in Uganda and requested court intervention. (*Id.*)

While alternate service under Fed. R. Civ. P. 4(f)(3) is not considered a "last resort" only available absent "other feasible alternatives," the Court still must determine whether the "particularities and necessities" of the case require such measures. *See Rio Props., Inc.*, 284 F.3d at 1015–16. Here, Bowers's only basis for believing Lovell is in Uganda is a comment made on a YouTube stream in February 2023. (Mot. 2.) There is no other record evidence supporting this belief, or whether Lovell even left the United States at all.

Even if the Court could conclude Lovell was in Uganda, the proposed method of service must comport with due process requirements. *Crockett v. Luitpold Pharmaceuticals, Inc.*, No. 19-276, 2020 WL 4039046, at *3 (E.D. Pa. July 17, 2020). "Due process is satisfied when the alternate method of service provides notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* (internal quotations omitted). While email service generally has been an approved method of alternative service, in this case the only information linking Lovell to the email address proposed for service is the disclosure he purportedly made to YouTube. (Mot. Ex. B.) Bowers expects this disclosure to be sufficient to satisfy the Court's

obligation to ensure due process, but he didn't find the residential address disclosed in the same form reliable enough to attempt to service in Maryland. (*Id.* at 1–2.) Although he attaches a screenshot showing someone with access to the proposed email address responded to messages about the suit and, separately, alleges the Defendant acknowledged the suit in yet another YouTube video, these exhibits alone do not satisfy the Court that electronic service at this email address is "reasonably calculated" to apprise the Defendant of the action against him. *See* (*id.* at Ex. H, I).

Because the Court lacks an adequate basis to conclude Lovell is in fact abroad and in Uganda, domestic service options and addresses remain unexplored, and, in any event, the record does not satisfy due process concerns, the Motion is denied without prejudice. Bowers may refile his motion in the event he can rectify the Court's stated concerns.

An appropriate Order follows.

                                                BY THE COURT:

                                                ***/s/ Gerald J. Pappert***
                                                GERALD J. PAPPERT, J.